There was other evidence pro and con upon this subject, which need not be detailed. We have stated enough to point out the nature of the conflict upon the question whether, in assigning Miss Kinney to the plaintiff's case, the defendant fulfilled its contract to furnish a skilled, trained, and competent nurse, and also to illustrate the reason why we think that this question should not have been withdrawn from the consideration of the jury. It is said that Miss Kinney's single act of negligence did not necessarily establish her general incompetence. That may be quite true. But it was for the jury to say whether the act in question was a single act of negligence on the part of an ordinarily skillful, trained, and competent nurse, or whether it was attributable to inexperience and lack of that continuous training which a two-years course would have afforded. The jury might well have concluded that the contract contemplated a thoroughly accomplished trained nurse, as that term is ordinarily understood, and not a mere pupil, however generally apt and promising. It stands to reason that such a misfortune as happened to Miss Ward would have been less likely to occur had she been in the hands of an experienced and fully-trained graduate. It was for the jury to say whether, in furnishing this careless pupil, of limited experience, the defendant fulfilled its contract obligation to the plaintiff, and if it did not, and injury resulted from the breach of that obligation, to award her adequate compensation for such injury.

It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

(39 App. Div. 609.)

### In re FITCH'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

TRANSFER TAX—PERSONALTY OF NONRESIDENT DECEDENTS—ANCILLARY ADMINISTRATION.

Code Civ. Proc. § 2476, subd. 3, gives the surrogate's court jurisdiction to grant letters testamentary and of administration where a nonresident dies without the state, leaving personal property within the state, which remains unadministered, and to grant ancillary letters of administration. Transfer Tax Law, §§ 10, 11, provide that the surrogate's court of every county having jurisdiction to grant letters testamentary or of administration upon estates chargeable with any tax under the act, or to give ancillary letters thereon, shall have jurisdiction of all questions arising under the law, and to do any act in relation thereto authorized by the law to be done by a surrogate in matters coming within his jurisdiction, and shall, on application of any interested party, or of his own motion, appoint an appraiser to fix the value, at the time of the transfer thereof, of the property subject to taxation. Held, that a surrogate is authorized, whether he grant ancillary letters or not, to appoint an appraiser of personal property within his territorial jurisdiction of which a nonresident testatrix died possessed while without the state, and which passed by her will, though the entire estate has been fully administered in the state of which testatrix was a resident.

Appeal from order of surrogate, New York county.

In the matter of the appraisal of the property of Emily M. Fitch, deceased. From an order denying a dismissal of a proceeding to

assess a transfer tax (57 N. Y. Supp. 212), an appeal is taken. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

John A. Garver, for appellant.
Emmet R. Olcott, for respondent.

PATTERSON, J. Mrs. Emily M. Fitch, a resident of Connecticut, died in that state in July, 1894, leaving a last will and testament, in and by which she appointed John B. Fitch executor. The will was duly admitted to probate in Connecticut, and before October, 1895, the estate had been fully administered there, the executor's accounts had been passed and allowed by the probate court of that state, and the collateral inheritance tax imposed by its laws had been paid. Among the assets of the estate were certain shares of the capital stock of the Consolidated Gas Company, a corporation of the state of New York. The certificates representing those shares had been kept by the testatrix in Connecticut, were received there by the executor, retained by him, accounted for in the probate court there, and disposed of in accordance with the directions of the will. In April, 1897, on the petition of the comptroller of the city of New York, a proceeding was instituted in the surrogate's court in the county of New York for the appointment of an appraiser to fix and determine the value for assessment, for the purpose of taxation under the transfer tax law of the state of New York, of the personal property situated in the state of New York of which the testatrix died possessed, and which passed or was transferred by the terms of her will. That personal property consisted of the gas company's shares above mentioned. An order was made by the surrogate's court appointing an appraiser, and subsequently the executor moved to vacate it. That motion was denied, and this appeal is by the executor from the order entered upon such denial.

The ground upon which it was sought to vacate the order appointing the appraiser is substantially that, in view of the situation of Mrs. Fitch's estate and the full administration and settlement of that estate in Connecticut, and upon a proper construction of the statutes of this state relating to the subject, the surrogate's court had no jurisdiction to make the order. When the comptroller's petition was presented to the surrogate, the subject-matter upon which he was required to act was in the following situation: The decedent was a nonresident of the state of New York. The shares of stock in the gas company were personal property within the state of New York, subject to taxation under the transfer tax law. In re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707. Being property of a nonresident decedent, the tax was one upon property, and not upon the right of succession, as it is in the case of a resident decedent. In re Embury, 19 App. Div. 218, 45 N. Y. Supp. 881. A tax became due and payable to the state of New York at the time of the transfer of the shares, and was a lien upon

the property transferred until paid. Laws 1892, c. 399, § 3. The transfer was made by the will of Mrs. Fitch, and it became the duty of the executor of that will (there being a statute providing for the imposition of the tax) to request that imposition to be made. In re Embury, supra. The estate was fully administered and settled in Connecticut. The only inquiry then is as to the jurisdiction of the surrogate to make the order under such circumstances. The appellant claims that the surrogate's court was without jurisdiction, because of the complete administration of the estate in Connecticut and of the absence of legislation furnishing the means of imposing a tax or collecting it.

It is provided by section 10 of the transfer tax law that the surrogate's court of every county of the state having jurisdiction to grant letters testamentary or of administration upon the estate of a decedent whose property is chargeable with any tax under the act, or to appoint a trustee of such estate or any part thereof, or to give ancillary letters thereon, shall have jurisdiction to hear and determine all questions arising under the provisions of the law, and to do any act in relation thereto authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction. It is provided by the Code of Civil Procedure (subdivision 3, § 2476) that the surrogate's court of each county has jurisdiction, exclusive of every other surrogate's court, to take proof of a will, to grant letters testamentary thereon, or to grant letters of administration in various cases, and, among them, "where the decedent, not being a resident of the state, died without the state, leaving personal property in that county, and no other, or leaving personal property which has since his death come into that county, and no other, and remains unadministered"; and the surrogate has jurisdiction to issue ancillary letters of administration.

That there was no need of ancillary letters of administration upon the estate of Mrs. Fitch is manifest. The argument of the appellant necessarily is that the jurisdiction of the surrogate to set in motion the machinery for the imposition of a tax on the Consolidated Gas Company's shares depended upon his authority to issue ancillary letters of administration in this particular case; and hence the contention is that it is brought within the ruling in the Embury Case and analogous cases, namely, that, "if no mode is provided for assessing and collecting a tax, the law is imperfect, and cannot as to such interests be executed." The discussion is thus narrowed down to a consideration of the question whether jurisdiction depends upon the necessity or propriety of issuing letters of administration in a particular case. If that question is to be answered in the affirmative, then it is obvious that there is a defect in this transfer tax law which would make it unenforceable in such a case as this. All that a foreign executor or administrator would have to do is to remain inactive, conceal the existence of taxable property of the decedent within this state, and thus evade the imposition of the tax. But we think the proper interpretation of the tenth section of this act with respect to jurisdiction is that the provision relates to the designation of the particular sur-

rogate's court in which the proceedings are to be had, and that they are to be had in that surrogate's court of the county in the state which has jurisdiction to grant letters testamentary or of administration of the estate of a decedent whose property is chargeable with the tax, or to appoint a trustee of the estate or any part thereof, or to give ancillary letters thereon.' Or, to state it differently, the provision relates to the officer by whom, and the place in which, the proceeding is to be had, and the reference is to potential jurisdiction, and not to its actual exercise or the necessity of actually exercising it. There is nothing contained in the tenth section referring to a petition for ancillary letters or letters of administration at variance with this view. There is only a provision for the protection of the county treasurer or comptroller, as a person to be cited, if such letters are applied for.

The construction above given accords with another provision of the transfer tax law, which shows that proceedings for the imposition of a tax do not depend upon the fact or the necessity of granting letters. The eleventh section provides that the surrogate, upon the application of any interested party, including county treasurers or the comptroller of New York City, or upon his own motion, shall, as often as and whenever occasion may require, appoint a competent person as appraiser to fix the market value, at the time of the transfer thereof, of property of persons whose estates shall be subject to the payment of any tax imposed by this act.

We are therefore of the opinion that the surrogate had ample authority to appoint an appraiser, and that the order appealed from should be affirmed, with costs. All concur.